## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Keith Carr,                                    Case No. 20-cv-721 (NEB/TNL)

          Petitioner,

v.                                             **REPORT &**
                                               **RECOMMENDATION**

Warden S. Kallis,

          Respondent.

---

Keith Carr, Reg. No. 44065-424, FMC Rochester, P.O. Box 4000, Rochester, MN 55903-4000 *(*pro se Petitioner); and

Ana H. Voss, Ann M. Bildtsen, and Lisa D. Kirkpatrick, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

---

## I. INTRODUCTION

This matter comes before the Court on Petitioner Keith Carr's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). *See generally* Pet., ECF No. 1. This matter has been referred to the undersigned for a report and recommendation to the Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, the Court recommends that this matter be dismissed without prejudice for lack of jurisdiction.

1

## II. BACKGROUND

### A. Criminal Proceedings

In 2011, Petitioner was indicted in the United States District Court for the Northern District of Illinois on one count of conspiracy to distribute in excess of one kilogram of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846; ten counts of distributing a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and two counts of using a telephone in furtherance of a drug-trafficking crime in violation of 21 U.S.C. § 843(b).  ECF No. 16-1 at 2-16 (Indictment).[1] *See also United States v. Carr*, No. 16-1326, 695 F. App'x 953, 955 & n.1 (7th Cir. 2017) [hereinafter *Carr* I].  In December 2011, "the [G]overnment filed an Information pursuant to 21 U.S.C. § 851 stating its intention to seek increased punishment based upon a prior felony narcotics offense."[2]  *Carr* I, 695 F. App'x at 955.  *See* ECF No. 16-1 at 18,

---

[1] For ease of location and clarity, the Court cites to Respondent Warden S. Kallis's exhibits using the ECF docket number and pagination.

[2] "Upon electronic filing, that Information was served on all parties of record, including [Petitioner].  However, due to a clerical error in the district court clerk's office, the docket entry containing the Information was removed from the docket the next day." *Carr* I, 695 F. App'x at 955.  "The clerk's office had originally alerted the [G]overnment that the Information had been erroneously filed, but the office then said that it [had] taken care of the issue and no further action by the [G]overnment would be necessary."  *Id.*  "On December 21, 2011, the [G]overnment produced a certified copy of [Petitioner's] 2002 Illinois conviction for possession of a controlled substance upon which the Information was based."  *Id.*  "Thereafter, the [G]overnment and defense counsel had several conversations referencing the Information in an attempt to reach a plea agreement.  Defense counsel also acknowledged, in a motion to continue the trial date, that the mandatory minimum would be twenty years because of the Information."  *Id.*  "During preparations for sentencing, the [G]overnment discovered that the Information was not on the docket despite the clerk's office's earlier assurances that the issue would be resolved.  The [G]overnment so advised the district court, which held a series of status hearings on the matter."  *Id.*  "In the end, the district court agreed with the [G]overnment that a clerical error had caused the removal.  The court concluded that [Petitioner] had proper notice of the Information and that he had not been deprived of due process."  *Id.*

On direct appeal, Petitioner argued the district court erred by permitting the [G]overnment to rely on the Information even though it had been removed from the docket."  *Id.* at 957.  The Seventh Circuit Court of Appeals disagreed, noting "[t]he [G]overnment satisfied the three requirements of 21 U.S.C. § 851(a) by filing the Information, serving it upon defense counsel, and identifying the particular conviction on which it sought to rely."  *Id.*  The Seventh Circuit further noted that Petitioner "was not prejudiced by the clerical error (which happened

2

20-37. That felony was a 2002 Illinois conviction for possession of a controlled substance in violation of 720 ILCS 570/402(c), for which Petitioner received 12 months' probation. ECF No. 16-1 at 36-37, 40-42.

Prior to trial, five of the distribution counts were dismissed on the Government's motion. *See* ECF No. 16-1 at 44. Petitioner proceeded to a jury trial and was found guilty on all other counts. ECF No. 16-1 at 46-49. *See Carr I*, 695 F. App'x at 955. "At sentencing, the [trial] court found that [Petitioner] was responsible for more than three kilograms of heroin and that the four-level leadership enhancement was applicable, amounting to a Guidelines range of 210 to 262 months." *Carr I*, 695 F. App'x at 955. *See* ECF No. 16-2 at 99-100. Because of Petitioner's 2002 conviction, however, the mandatory minimum was 20 years, or 240 months. Resp. at 3, ECF No. 10; *see* ECF Nos. 16-1 at 37, 16-2 at 100, 104. Petitioner was sentenced to 240 months' imprisonment on six of the counts and 96 months' imprisonment on the other two counts, all to run concurrently. ECF Nos. 16-1 at 52, 16-2 at 104-05.

### B. Direct Appeal

On direct appeal to the Seventh Circuit, Petitioner challenged the sufficiency of the evidence underlying the conspiracy offense; the disallowance of a witness's conviction that was more than 10 years old for impeachment purposes; the validity of the Information removed from the docket, *see supra* n. 2; and "the [trial] court's factual findings at sentencing regarding the quantity of heroin and the leadership enhancement."

---

through no fault of the [G]overnment)" as "[he] and his counsel [both] knew about the Information, having referred to it during pretrial plea negotiations and referenced it in a motion to continue the trial date." *Id.*

*Carr I*, 695 F. App'x at 955-56.  The Seventh Circuit affirmed the trial court in all respects.  *See id.* at 956-57.

### C.  Motion Under 28 U.S.C. § 2255

In March 2018, Petitioner brought a motion under 28 U.S.C. § 2255, challenging his sentence.  ECF No. 16-1 at 59-70.  *See generally United States v. Carr*, No. 18-cv-1671 (N.D. Ill.).  Among other claims, Petitioner argued, as he had done on direct appeal, that the Government "improperly relied on . . . [the] Information that had been mistakenly removed from the docket."  *United States v. Carr*, No. 18-cv-1671, slip op. at 1 (N.D. Ill. Aug. 8, 2018) [hereinafter *Carr II*], ECF No. 16-1 at 74-75.  Petitioner also argued, among other things, that he received ineffective assistance of trial counsel for not "advis[ing] him that he faced a 20-year mandatory minimum sentence" and "not arguing that, contrary to Seventh Circuit precedent, the [G]overnment needed to plead and prove . . . [the I]nformation."  *Id.* at 2.  Petitioner's motion was denied.  *Id.* at 1-2.

### D.  Authorization to File Second or Successive Motion for Collateral Review

In January 2020, Petitioner sought authorization from the Seventh Circuit pursuant to 28 U.S.C. § 2255(h) to file a successive § 2255 motion.  *See generally Carr v. United States*, No. 20-1123 (7th Cir.).  Petitioner sought authorization based on *United States v. Davis*, 139 S. Ct. 2319 (2019); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); and *Mathis v. United States*, 136 S. Ct. 2243 (2016).  *Carr v. United States*, No. 20-1123, slip op. at 2 (7th Cir. Feb. 3, 2020) [hereinafter *Carr III*], ECF No. 16-1 at 77-78.  Petitioner

> propose[d] to argue that the Illinois statute under which he
> was convicted, 720 ILCS 570/402(c), covers a broader range
> of substances than those listed in the federal definition of

4

> "felony drug offense," *see* 21 U.S.C. § 802(44) (2009), and
> therefore that his Illinois drug conviction did not qualify as a
> predicate offense subjecting him to a minimum 240-month
> sentence under § 841(b). *See Najera-Rodriguez v. Barr*, 926
> F.3d 343 (7th Cir. 2019) (holding that it is possible to violate
> 720 ILCS 570/402(c) without violating federal drug laws).

*Id.* at 2.

The Seventh Circuit denied Petitioner's request and dismissed his application,

concluding that the "proposed claim d[id] not meet the stand for authorizing a successive

collateral attack" under § 2255(h). *Id.* The Seventh Circuit reasoned:

> *Davis* and *Dimaya* do not help [Petitioner], however, because
> those cases involved void-for-vagueness challenges to the
> residual definitions of "violent" crime in 18 U.S.C. §§ 924(c)
> and 16(b). The decisions thus did not require a comparison of
> the elements of a crime under state and federal law. And
> *Mathis*, to be sure, confirms that a prior conviction does not
> count as an enumerated offense under the Armed Career
> Criminal Act if its elements are broader than those of the
> "generic" offense. 136 S. Ct. at 2251. But *Mathis* did not
> announce a new constitutional rule; rather, it interpreted the
> statutes in question. Similarly, [Petitioner's] argument
> concerns the proper interpretation of § 841, not new
> constitutional law. Nor has he offered "evidence" of actual
> innocence.

*Id.*

### E. Habeas Petition Under 28 U.S.C. § 2241

Petitioner is currently confined at the Federal Medical Center in Rochester,

Minnesota. Pet. at 1. Petitioner brings the instant petition under 28 U.S.C. § 2241,

asserting his 2002 conviction does not qualify as a predicate offense under 21 U.S.C.

§ 802(44) and therefore his 240-month mandatory minimum sentence is unconstitutional.

Relying again on *Davis*, *Dimaya*, and *Mathis*, among other authorities, Petitioner asserts

that there has been an intervening change in Seventh Circuit law regarding the use of a conviction under 720 ILCS 570/402(c) and therefore his 2002 conviction no longer qualifies for enhancement purposes. Petitioner further asserts that use of his 2002 conviction has "resulted in a mandatory minimum sentence of 240 months or 20 years, which was not found by a jury, also implicating [his] substantial Fifth and Sixth Amendment constitutional rights."  Mem. in Supp. at 4, ECF No. 3.

### III. ANALYSIS

The basic purpose of habeas corpus is to allow a prisoner to attack the legality of his detention.  *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973).  "A motion under 28 U.S.C. § 2241 challenges the *execution* of a sentence while a motion under 28 U.S.C. § 2255 challenges the *imposition* of a sentence."  *Deleston v. Wilson*, No. 13-cv-2733 (JNE/SER), 2014 WL 3384680, at *3 (D. Minn. July 10, 2014).  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . , and not in a habeas petition filed in the court of incarceration . . . under § 2241."  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

### A.  Petitioner's Prior Conviction: 720 ILCS 570/402(c)

Under Illinois law, "it is unlawful for any person knowingly to possess a controlled or counterfeit substance or controlled substance analog."  720 ILCS 570/402. Subsection 402(c) is "a broad residual or catch-all crime that speaks generally of a 'controlled substance,' one that applies when subsections (a) and (d) do not."  *Najera-Rodriguez v. Barr*, 926 F.3d 343, 351 (7th Cir. 2019).  It provides:  "Any person who

6

violates this Section with regard to an amount of a controlled substance other than methamphetamine or counterfeit substance not set forth in subsection (a) or (d) is guilty of a Class 4 felony.  The fine for a violation punishable under this subsection (c) shall not be more than $25,000."  720 ILCS 570/402(c).

### 1. *Najera-Rodriguez*

In *Najera-Rodriguez*, the Seventh Circuit was confronted with whether 720 ILCS 570/402(c) was "divisible."  926 F.3d at 347.  The parties agreed that the Illinois statute "cover[ed] substances that [we]re not controlled substances under federal law" and therefore it was "possible to violate § 402(c) in ways that d[id] not fit the federal immigration trigger in [8 U.S.C.] § 1227(a)(2)(B)(i)," which required a conviction relating to a controlled substance as defined by federal law.  *Id.*; *see* 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.").  Simply stated, "[t]hat means it is possible to violate Illinois's § 402(c) without violating federal law."  *Najera-Rodriguez*, 926 F.3d at 347.  Accordingly, the Seventh Circuit reasoned that the alien could not "be removed based on his § 402(c) conviction unless . . . the 'modified categorical approach'" applied.  *Id.* at 348.

Because "Illinois's § 402(c) covers many different controlled substances, and there are thus many ways to violate it," the Seventh Circuit explained that the

"categorical method requires consideration of whether the statute is 'divisible' meaning that it defines distinct crimes with different *elements*, not just different *means* for committing the same crime." *Id.* (citing *Mathis*, 136 S. Ct. at 2248-49). "If the statute is divisible, a court can turn to the 'modified categorical approach,' which permits a court 'to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's conviction." *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). "[O]nce the elements of conviction have been identified, the court or the Board [of Immigration Appeals] compares the elements of the specific crime of conviction to the elements the federal statute requires to trigger additional consequences." *Id.*

Thus, the question was "whether § 402(c) list[ed] alternative elements—in which case the statute is divisible and the modified categorical approach is appropriate—or whether § 402(c) merely 'enumerate[d] various factual means of committing a single element'—in which case the inquiry ends." *Id.* (quoting *Mathis*, 136 S. Ct. at 2249). The Seventh Circuit held that, "[u]nder the language of § 402(c) and its place in the larger Illinois act, any 'controlled substance' will do, subject to the explicit exceptions for methamphetamine, counterfeit substances, and anabolic steroids." *Id.* at 351-52. The Seventh Circuit thus concluded that "[t]he text and structure do not show that the identity of the controlled substance is an element under § 402(c)." *Id.* at 352. As a result, § 402(c) was not divisible. *Id.* at 347, 352.

### 2. *De La Torre* & Enhancement Based on a Prior Felony Drug Offense

Similar to the "federal immigration trigger" at issue in *Najera-Rodriguez*, 21 U.S.C. § 841(b)(1)(A) provided at the time relevant to Petitioner's sentence "for a ten-year mandatory minimum sentence that increased to a mandatory minimum term of imprisonment for twenty years if the defendant was convicted 'after a prior conviction for a *felony drug offense*.'" *United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. 2019) (emphasis added) (quoting 21 U.S.C. § 841(b)(1)(A) (2018)); *see also* 21 U.S.C. § 841(b)(1)(C). A felony drug offense is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Relying on *Najera-Rodriguez*, the Seventh Circuit held in *De La Torre* that because 720 ILCS 570/402(c) was not divisible, a conviction under § 402(c) did "not qualify as [a] prior felony drug offense[]." 940 F.3d at 949.

### B. Savings Clause: § 2255(e)

Respondent "acknowledges that, post-*Mathis*, [Petitioner's] prior conviction under 720 ILCS 570/402(c) does not qualify as a 'felony drug offense' in the Seventh Circuit." Resp. at 8. Respondent contends, however, that this Court lacks jurisdiction to consider Petitioner's collateral challenge to his sentence under § 2241 because he has not shown that the remedy under § 2255 was inadequate or ineffective.

Under 28 U.S.C. § 2255(e),

[a]n application for a writ of habeas corpus in [sic] behalf of a

prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Petitioner asserts that the remedy under § 2255 is inadequate and/or ineffective to test the legality of his detention because, at the time of his sentence, *Mathis* "foreclosed arguments related to whether 720 ILCS 570/402(c) me[t] the definition of a felony drug offense for purpose[s] of 21 U.S.C.[] § 802(44)."[3] Mem. in Supp. at 5. Petitioner asserts that it has been held that *Mathis* "is a case of statutory interpretation which applies retroactively." Mem. in Supp. at 9. Petitioner additionally asserts that he "had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction" as the law changed subsequent to both his direct appeal and § 2255 motion. Mem. in Supp. at 5. According to Petitioner, "[h]ad [he] had a prior opportunity to challenge the legality of his detention using as a crucible for said argument [that a conviction under] . . . 720 ILCS 570/402(c) does not meet the definition of a felony drug offense[, his] mandatory minimum sentence would have been 120 months not 240 months . . . ." Mem. in Supp. at 8.

## 1.  Section 2255 Remedy Must Be Inadequate or Ineffective

Because Petitioner is asserting a collateral challenge to his sentence, a motion under § 2255 is the exclusive remedy available to him unless he can show that § 2255

---

[3] Petitioner also invokes *Dimaya* and *Davis*, but as stated above, *see* Section II.D *supra*, the Seventh Circuit previously rejected Petitioner's reliance on these decisions because they "did not require a comparison of the elements of a crime under state and federal law." *Carr III*, slip. op. at 2. As best as this Court is able to tell, Petitioner's arguments are most appropriately categorized as *Mathis*-type arguments. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

would be inadequate or ineffective. *Aragon-Hernandez v. United States*, No. 13-cv-2218 (SRN/AJB), 2014 WL 468266, at *2 (D. Minn. Feb. 6, 2014) ("A motion under [§] 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except under limited circumstances where the remedy under [§] 2255 would be 'inadequate or ineffective.'" (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004))); *see Abdullah*, 392 F.3d at 959 ("A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective."); *see also, e.g.*, *Chazen v. Marske*, 983 F.3d 851, 856 (7th Cir. 2019). This "savings clause of § 2255 permits a petition under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or sentence." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing 28 U.S.C. § 2255(e)); *see also Chazen*, 983 F.3d at 856. The petitioner has the burden of showing that the remedy under § 2255 is inadequate or ineffective. *Abdullah*, 392 F.3d at 959; *Hill*, 349 F.3d at 1091; *see Chazen*, 983 F.3d at 856.

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see Deleston*, 2014 WL 3384680, at *4 ("Courts have interpreted 'inadequate or ineffective' very narrowly."); *see also Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020) (describing § 2255(e) as "a narrow pathway to the general habeas corpus statute"), *cert. denied*, 141 S. Ct. 196 (2020). To show that the remedy under § 2255 would be inadequate or ineffective, "more is required than demonstrating

that there is a procedural barrier to bringing a § 2255 motion." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *accord Abdullah*, 392 F.3d at 959; *see Purkey*, 964 F.3d at 615 ("It is not enough that proper use of the statute results in denial of relief."). A motion under § 2255 is not inadequate or ineffective because § 2255 relief has already been denied, the petitioner has been denied permission to file a second or successive § 2255 motion, a second or successive § 2255 motion has been dismissed, or the one year statute of limitations and/or grace period has expired. *Hill*, 349 F.3d at 1091; *see Purkey*, 964 F.3d at 615 ("[T]he words 'inadequate or ineffective,' taken in context, must mean something more than unsuccessful.").

### 2. Seventh Circuit vs. Eighth Circuit Savings-Clause Jurisprudence

Petitioner argues his case in terms of the Seventh Circuit's test for the inadequacy or ineffectiveness of § 2255.

> In *In re Davenport*, [the Seventh Circuit] examined the scope of this provision, known as the "savings clause," and concluded that whether § 2255 was "inadequate or ineffective" turns on whether a petitioner had "a reasonable opportunity [in a prior § 2255 proceeding] to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."

*Chazen*, 938 F.3d at 856 (second alteration in original) (quoting 147 F.3d 605, 609 (7th Cir. 1998)). "In *Davenport's* wake, [the Seventh Circuit has] established a three-part test to determine whether a petitioner satisfies § 2255(e)'s savings clause." *Id.*

> To pursue relief under § 2241, a petitioner must establish that (1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the

> decision applies retroactively; and (3) the error is grave
> enough to be deemed a miscarriage of justice.

*Id.* (quotation omitted); *see also, e.g.*, *Horton v. Rivers*, No. 19 CV 50150, 2020 WL 7183741, at *3 (N.D. Ill. Dec. 7, 2020); *Clay v. Sproul*, No. 3:19-cv-1241-GCS, 2020 WL 3000826, at *2-3 (S.D. Ill. June 4, 2020).

This Court, however, is bound by the decisions of the Eighth Circuit Court of Appeals regarding the scope of § 2255(e)'s savings clause. In evaluating a petitioner's eligibility for habeas relief under § 2241 via § 2255(e)'s savings clause, courts apply the procedural law of the circuit in which they sit and the "substantive law of the circuit where [the petitioner] was convicted" to the petitioner's "substantive claims." *Hanh v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019); *accord Ponder v. United States*, 800 F. App'x 181, 183 (4th Cir. 2020) (per curiam); *see also Haynes v. Rivers*, No. 20 C 50024, 2020 WL 5230747, at *2 (N.D. Ill. Sept. 2, 2020) ("So long as defendants are required to file their initial § 2255 petitions in the court of conviction, but are then required to file their savings clause petition in the court of incarceration, the Court sees no inherent contradiction in applying the laws of two different circuits. Indeed, the relevant statutes seem to contemplate it as a possibility."). As discussed more fully below, however, the outcome would be the same regardless.

### 3. Eighth Circuit Jurisprudence

In the Eighth Circuit, a petitioner cannot show that § 2255 is inadequate and ineffective where he had "any opportunity to bring his claim beforehand." *Abdullah*, 392 F.3d at 963. "A prisoner cannot raise, in a § 2241 motion filed in the district of

incarceration, an issue which could [sic] or was actually raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092; *see Lurie*, 207 F.3d at 1077-78 (petitioner failed to demonstrate § 2255 motion was inadequate or ineffective because claims raised in § 2241 petition could have been maintained in a § 2255 motion or on direct appeal); *see also Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) ("The relevant metric or measure, we hold, is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241.").

Nothing precluded Petitioner from arguing that his 2002 conviction for violating 720 ILCS 570/402(c) did not qualify as a "felony drug offense" under 21 U.S.C. § 802(44) for enhancement purposes post-*Mathis* in the § 2255 motion he filed with the trial court. *See Abdullah*, 392 F.3d at 963; *Hill*, 349 F.3d at 1092; *see also Clark v. United States*, No. 17-cv-2040 (SRN/DTS), 2017 U.S. Dist. LEXIS 170680, at *5 (D. Minn. Oct. 16, 2017) ("Nothing prevented Petitioner from raising the essence of this [*Mathis*] claim in his § 2255 motion."); *Blake v. United States*, No. 17-cv-1108 (PJS/DTS), 2017 WL 2655098, at *1 (D. Minn. June 20, 2017) ("Nothing prevented Blake from making *Mathis*-type arguments at an earlier stage in his criminal case or as part of his motion under 28 U.S.C. § 2255."), *aff'd*, No. 17-2448, 2017 WL 6603620 (8th Cir. Oct. 24, 2017).

Petitioner focuses on the Seventh Circuit's 2019 decision in *Najera-Rodriguez*, and by extension, *De La Torre*, arguing that there has been an intervening change in law in the Seventh Circuit with respect to the use of a conviction under 720 ILCS 570/402(c)

as a "felony drug offense" under 21 U.S.C. § 802(44).  That *Najera-Rodriguez* was not previously available to Petitioner does not mean, however, that he did not have a prior opportunity to make *Mathis*-type arguments regarding the broadness of § 402(c) as part of his § 2255 motion.

It is true that *Najera-Rodriguez* relied on *Mathis* as "the Supreme Court's most recent guidance for distinguishing between elements and means, and thus for determining whether a statute is divisible for these purposes."  926 F.3d at 349.  But notably, the Supreme Court itself stated that the decision in *Mathis* was based on precedent in existence for more than 25 years, *see, e.g.*, 136 S. Ct. at 2251, 2257, and thus in existence not only before Petitioner's § 2255 motion but his conviction and sentence as well.  The Eighth Circuit and courts in this District and elsewhere, including the Seventh Circuit, have repeatedly held that *Mathis* did not constitute a change in law.  *E.g.*, *Clark*, 2017 U.S. Dist. LEXIS 170680, at *4-5 ("As the Supreme Court noted, it had already stated the 'essential' principle of law underpinning *Mathis* 'more than a quarter century ago.'" (quoting 136 S. Ct. at 2251)); *Blake*, 2017 WL 2655098, at *1 ("*Mathis*, however, does not represent a change in the law; instead, 'its decision was dictated by decades of prior precedent.'" (quoting *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016)); *see Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018); *see also, e.g.*, *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) ("The Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth)."); *Washington v. United States*, 868 F.3d 64, 65 (2d Cir. 2017) (per curiam) ("[Petitioner's] view of *Mathis* is without merit, as its holding was not based on the Constitution and was based on a rule applied

for decades."); *Taylor*, 672 F. App'x at 864 ("*Mathis* did not announce a new rule."); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("Lott has failed to make a prima facie showing that *Mathis* and *McDonnell*[ *v. United States*, 136 S. Ct. 2355 (2016),] set forth new rules of constitutional law that have been made retroactive to cases on collateral review."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce such a [new] rule; it is a case of statutory interpretation.").

"[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589; *cf. Abdullah*, 392 F.3d at 963.

> [T]he fact that [Petitioner] or his counsel may not have *thought* of a [*Mathis*]-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument. The § 2255 remedial vehicle was fully available and amply sufficient to test the argument, whether or not [Petitioner] thought to raise it. And that is all the savings clause requires.

*Prost*, 636 F.3d at 589; *see Clark*, 2017 U.S. Dist. LEXIS 170680, at *5; *Blake*, 2017 WL 2655098, at *1.

As the Eighth Circuit stated in *Abdullah*:

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

16

392 F.3d at 965 (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). Respondent correctly points out that "[t]he *Mathis* defendant took 'the shot' that was available to him. There is no reason [Petitioner] could not have done the same . . . ." Resp. at 14 (citation omitted).

The savings clause in § 2255 is jurisdictional and "provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective." *Hill*, 349 F.3d at 1091. Because Petitioner has not shown that § 2255 was inadequate or ineffective to raise his sentencing argument, this Court lacks jurisdiction to consider his collateral challenge to his sentence under § 2241. *See Abdullah*, 392 F.3d at 964; *Hill*, 349 F.3d at 1091.

### 4. Seventh Circuit Jurisprudence

Nor is Petitioner likely to have fared any better in the Seventh Circuit. In *Horton* and *Clay*, two federal district courts in Illinois recently considered similar savings-clause, *Mathis*-based arguments regarding the use of analogous Illinois drug convictions for enhancement purposes. Under the Seventh Circuit's three-prong test, *see supra* Section III.B.2, both found that the first prong had been met. *Clay*, 2020 WL 3000826, at *4; *see Horton*, 2020 WL 7183741, at *3; *see also Dawkins*, 829 F.3d at 551. Like the petitioners in *Horton* and *Clay*, Petitioner too would appear to satisfy the first prong.

Petitioner stumbles, however, on the second prong. In *Chazen*, the Seventh Circuit observed that "the Supreme Court decided *Mathis* two years *after* [the petitioner's] initial § 2255 petition." 938 F.3d at 861 (emphasis added). In Petitioner's

17

case, however, *Mathis* was decided more than a year *before* his § 2255 motion. As Petitioner "could have raised his arguments that [720 ILCS 570/402(c) wa]s overbroad in his original § 2255 motion[, . . . ] he cannot now avail himself of the savings clause because in his case, § 2255 was not 'inadequate or ineffective' to make that argument." *Horton*, 2020 WL 7183741, at *5; *see Blue v. Williams*, 824 F. App'x 419, 423 (7th Cir. 2020) ("In short, *Mathis* did not expand Blue's opportunity for relief; he relies on *Mathis* only for rules of interpretation that were already available to him when he filed his original petition."). Thus, Petitioner cannot satisfy the second prong, which requires that he "could not have invoked the decision in his first § 2255 and the decision applies retroactively." *Chazen*, 938 F.3d at 856. And, because Petitioner cannot meet the second prong, the Court need not go further. *See Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020).

Indeed, at least two courts in this District—Eighth Circuit—and one in the Northern District of Illinois—Seventh Circuit—have concluded that the petitioners' *Mathis*-type arguments for improper use of a prior state conviction for enhancement purposes would not have been any more successful had the other circuit's jurisprudence regarding the scope of § 2255(e)'s savings clause been applied. *See, e.g.*, *Horton*, 2020 WL 7183741, at *6; *Chavis v. United States*, No. 17-cv-1823 (DSD/KMM), 2018 WL 3104264, at *2 (D. Minn. Jan. 9, 2018), *report and recommendation adopted*, 2018 WL 1378756 (D. Minn. Mar. 19, 2018), *summarily aff'd*, No. 18-1658 (8th Cir. Oct. 26, 2018); *Clark*, 2017 U.S. Dist. LEXIS 170680, at *4-5, *adopting report and recommendation*, 2017 U.S. Dist. LEXIS 173398 (D. Minn. July 25, 2017).

## C. Other "Claims"

Petitioner's other "claims" are difficult to separate from his claim regarding the use of his 2002 conviction. These arguments are often embedded within and at times appear almost as a continuation of arguments in support of that claim. Given this lack of clarity, with due consideration to Petitioner's pro se status, and in the interests of completeness, the Court makes the following additional comments.

Petitioner argues that the fact of his 2002 conviction "was not found by a jury, . . . [thus] implicating [his] substantial Fifth and Sixth Amendment constitutional rights." Mem. in Supp. at 4. First, it appears a variant of this argument may have been raised in his § 2255 motion. In addressing Petitioner's claims of ineffective assistance of counsel, the trial court stated that Petitioner "fail[ed] to articulate how his attorney was ineffective by not arguing that, contrary to Seventh Circuit precedent, the [G]overnment needed to plead and prove its [§] 851 [I]nformation." *Carr II*, slip op. at 2 (citing *United States v. Cheek*, 740 F.3d 440, 453 (7th Cir. 2014)). Second, as Respondent points out, in *Apprendi v. New Jersey*, the Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000) (emphasis added); *see Cheek*, 740 F.3d at 453 ("*Apprendi* expressly excludes any question of 'the fact of a prior conviction' from the scope of its holding." (quoting 530 U.S. at 490)).

Third, to the extent Petitioner is challenging the 2002 conviction itself, separate and apart from its use for enhancement purposes, Petitioner was time-barred from doing

so.  *See* Mem. in Supp. at 6 ("Here [P]etitioner asserts that he is 'actually innocent' and factually innocent of the prior conviction used to impermissibly increase the loss of liberty which resulted from the fundamental defect in the prior proceeding.").  Section 851 states that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred *more than five years before the date of the information* alleging such prior conviction." 21 U.S.C. § 851(e) (emphasis added).  Petitioner's conviction was from 2002 and the Government filed the Information in 2011, more than five years later.  Moreover, Petitioner does not contend that his 2002 conviction has been vacated.  *See, e.g.*, *Arreola-Castillo v. United States*, 889 F.3d 378, 384-92 (7th Cir. 2018).

Lastly, as best as this Court is able to tell, Petitioner's "actual innocence" arguments appear to be a rehashing of his claim that his 2002 conviction should not have been used for enhancement purposes.  *See In re Davenport*, 147 F.3d at 609-10; *cf. Perrone v. United States*, 889 F.3d 898, 903-06 (7th Cir. 2018).  Petitioner does not contend that he is actually innocent of the conspiracy, five distribution, and two communication-facility crimes of which he was convicted.

[Continued on next page.]

## IV. RECOMMENDATION

Based upon the file, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, **BE DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: February ___17___, 2021

_____*s/ Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Carr v. Kallis*
Case No. 20-cv-721 (NEB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).