# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KEITH CARR, | Case No. 20-CV-721 (NEB/TNL) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| WARDEN S. KALLIS, | |
| Respondent. | |

Keith Carr, currently incarcerated at Federal Medical Center—Rochester, filed a petition for writ of habeas corpus under 28 U.S.C. Section 2241, seeking his release from custody. (ECF No. 1 ("Pet.").) In a Report and Recommendation, United States Magistrate Judge Tony N. Leung recommends dismissing the petition without prejudice for lack of jurisdiction. (ECF No. 19 ("R&R") at 21.) Carr objected. (ECF Nos. 22, 24.) For the following reasons, the Court overrules Carr's objection, accepts the R&R, and dismisses the Petition without prejudice.

## BACKGROUND

The R&R details the factual and procedural history of the case, (R&R at 2–5), but the Court briefly lays out the facts necessary to understand the Petition's context.[1]

---

[1] In so doing, the Court cites to the R&R and incorporates the citations it contains.

*Initial Conviction*. In 2011, Carr was indicted on drug trafficking charges in the Northern District of Illinois. (R&R at 2.) The government filed an Information under 21 U.S.C. Section 851, stating its intent to enhance based on Carr's 2002 conviction for possession of a controlled substance in violation of 720 Ill. Comp. Stat. 570/402(c) ("Section 402(c)"). (*Id.*) The government, through electronic filing, served the Information on Carr's counsel and Carr's counsel received it. (*Id.* at 2–3 n.1.) Due to a clerical error, however, the Information was removed from the docket and the government did not discover the error until after a jury had found Carr guilty. The court sentenced Carr to 240 months' imprisonment, the mandatory minimum because of his 2002 conviction. (*Id.*)

*Appeal and Section 2255 Petition.* Carr appealed his conviction, arguing that the Information's absence from the docket rendered his sentence enhancement unlawful. (*Id.* at 3–4); *United States v. Carr*, 695 F. App'x 953, 955–56 (7th Cir. 2017). The Seventh Circuit affirmed his conviction, specifically rejecting Carr's argument that the Information was defective. (R&R at 4); *Carr*, 695 F. App'x at 957. Carr then filed a postconviction motion challenging his conviction under 28 U.S.C. Section 2255, again challenging the Information. (R&R at 4.) The district court denied the motion. (*Id.*) In 2018, Carr sought permission from the Seventh Circuit to file a second Section 2255 motion, arguing that a 2016 Supreme Court case had established that Section 402(c) was not a valid statute for enhancing his conviction. (*Id.* at 4–5.) The Seventh Circuit denied the request because the

request relied on cases that did not announce a new rule of constitutional law and therefore was procedurally improper. (*Id.* at 5.)

*Section 2241 Petition.* Carr now brings a Petition under Section 2241, again arguing that, based on an intervening change in the law, Section 402(c) is an improper predicate offense for enhancement under 21 U.S.C. Section 851 and that his 240-month sentence is therefore unlawful. (*Id.* at 5–6; Pet.)

## ANALYSIS

The Court reviews the portions of the R&R to which Carr objects *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). It reviews the remaining portions of the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Because Carr is proceeding *pro se*, the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*Section 2241 Petitions.* The government concedes that Seventh Circuit has held that a conviction under Section 402(c) is insufficient, standing alone, to merit the enhancement Carr received. (ECF No. 10 at 8.) The government accordingly concedes that, if the Court reaches the merits of Carr's claims, granting Carr's petition would be appropriate. (*Id.*) The government argues, however, that Section 2255's procedural limits bar granting Carr relief.

The Court has the power to grant petitions for writs of habeas corpus when a petitioner is "in custody in violation of the Constitution or law or treaties of the United

States." 28 U.S.C. § 2241(c). The Court may not entertain such a petition, however, if that petitioner "has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This is known as the "Savings Clause." The petitioner has the burden to show that Section 2255 is inadequate or ineffective. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because of the Savings Clause, the Court may grant Carr relief only if Section 2255 is "inadequate or ineffective" to challenge his incarceration.

Carr argues that the Court should apply the Seventh Circuit's Savings Clause jurisprudence (where Carr committed the offenses leading to his imprisonment), rather than the Eighth Circuit's (where Carr is incarcerated and has filed the Petition). The result is the same under either test: Carr cannot obtain relief.

*The Eighth Circuit.* In the Eighth Circuit, to establish that Section 2255 is inadequate or ineffective, the petitioner must show that there is more than a procedural barrier. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Nor is a Section 2255 motion inadequate or ineffective simply because a court has already denied a previous Section 2255 petition, the court of appeals has denied permission to file a second Section 2255 petition, or Section 2255's grace period has expired. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). If the petitioner "had any opportunity to bring his claim beforehand," Section 2255 is not ineffective or inadequate. *Abdullah*, 392 F.3d at 963. And if the prisoner

4

could have or did raise an issue in a Section 2255 petition, he cannot then raise that issue in a Section 2241 motion. *Hill*, 349 F.3d at 1092. The bottom line is that if a petitioner had "one unobstructed procedural opportunity to challenge his conviction" through Section 2255, Section 2255 is not inadequate or ineffective. *Abdullah*, 392 F.3d at 963. The petitioner need not have taken the opportunity, or even recognized its existence—it need only have existed. *Id.*

In his Section 2255 motion, Carr had an opportunity to raise the issues he raises now, and he did so. Therefore, he cannot show that Section 2255 is inadequate or ineffective. He raised his challenge to the Information on direct appeal. *Carr*, 695 F. App'x at 957. And his challenge to Section 402(c) relies upon *Mathis v. United States*, 136 S. Ct. 2243 (2016), a case the Supreme Court decided several months before Carr filed his appellate brief and nearly two years before he filed his initial Section 2255 motion. (R&R at 12; ECF No. 3 at 3.) Carr could have raised his *Mathis* argument in either context but failed to do so. He had his "one unobstructed procedural opportunity" and did not take it. *Abdullah*, 392 F.3d at 963. Carr has not met his burden to show that Section 2255 is inadequate or ineffective to challenge his incarceration under Eighth Circuit law.

Carr argues that the R&R overlooks the "essential [p]urpose" of Section 2241, which, in his view, is "to provide a petitioner with an opportunity to correct a fundamental [m]iscarriage of justice." (ECF No. 22 at 2.) Section 2255(e), however, specifically limits the Court's ability to grant Section 2241 petitioners relief if they could

5

have brought their claims in prior proceedings. 28 U.S.C. § 2255; *Abdullah*, 392 F.3d at 963. Regardless of the merits of such a petition, so long as Section 2255 is not "inadequate or ineffective," the Court cannot grant relief.

*The Seventh Circuit.* Nor does Carr fare any better under the Seventh Circuit's law. Under the Seventh Circuit's test, the petitioner must show three things: (1) the Section 2241 claim relies upon a retroactive statutory interpretation case, not a constitutional one; (2) the petitioner could not have raised the issue in his first Section 2255 motion; and (3) the error rises to the level of a miscarriage of justice. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Even assuming that Carr has met the first element, he cannot meet the second—he could have (and did) raise these issues in prior litigation. (*See* R&R at 4–5 (detailing Carr's request to file a second Section 2255 petition).) Carr is therefore not entitled to relief under Section 2241.

*Remaining Claims and Certificate of Appealability*. The R&R recommends denying any remaining claims Carr has brought in the Petition. (R&R at 18–19.) Carr's objection does not provide any specific refutation of the R&R's conclusions, and the Court finds no clear error in the R&R's conclusions. Carr does not explain how he could not have raised these issues either on direct appeal or previous postconviction litigation and Section 2255(e) therefore bars them in this context.

To appeal an adverse determination on a petition for habeas corpus, the petitioner must obtain a certificate of appealability from either a circuit judge or from the Court. 28

U.S.C. § 2253(c). To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Carr has not made such a showing and the Court therefore declines to issue a certificate of appealability.

The Court has reviewed the remaining portions of the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder*, 73 F.3d at 795. Finding no clear error, the Court accepts those portions of the R&R.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Carr's objections to the R&R (ECF Nos. 22, 24) are OVERRRULED;

2. The R&R (ECF No. 19) is ACCEPTED;

3. The Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and

4. No Certificate of Appealability be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 7, 2021　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　United States District Judge